# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARRELL WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-142** |
| **CLERK OF COURT ST. TAMMANY PARISH, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is *pro se* plaintiff Jarrell Williams' ("Williams") motion[1] to appoint counsel. In the above-captioned civil action, Williams has asserted that defendants the Clerk of Court of St. Tammany Parish, St. Tammany Parish Government, "hearing officer" Amanda Trosclair, and the 22nd Judicial District Court violated his First Amendment and human rights during a court hearing.[2]

"There is no right to appointment of counsel in civil cases, but a district court may appoint counsel if doing so would aid in the efficient and equitable disposition of the case." *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (quotation and citation omitted). In making this determination, courts consider (1) the complexity of the case, (2) whether the litigant is capable of adequately presenting his case, (3) whether the litigant is able to adequately investigate the case, and (4) "whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Id.* at 141 (quotation and citation omitted). Appointment of counsel is reserved for "exceptional circumstances." *Id.*

---

[1] R. Doc. No. 7. The motion states: "COMES NOW Plaintiff, Jarrell Williams [who] ask[s] the court to stipulate attorney."
[2] *See generally* R. Doc. No. 1.

Considering these factors, the Court finds that appointing counsel for Williams is not warranted.

First Amendment claims such as Williams' are not considered sufficiently complex to warrant appointment of counsel.[3] *See Juarez v. Short*, 84 F. App'x 420, 424 (5th Cir. 2003) (affirming denial of appointed counsel to *pro se* plaintiff alleging First Amendment violations, noting that his "only arguments for appointment of counsel are that he is indigent and ignorant of the law"). Williams' *pro se* complaint clearly states the grounds of his case, indicating that he is capable of adequately representing himself. Williams' factual allegations arise from a single court hearing, at which Williams was present, and therefore do not appear to present any barriers to Williams' ability to investigate the case. Finally, there is no indication, at this early stage, that the evidence in this matter "will consist in large part of conflicting testimony." *Delaughter*, 909 F.3d at 141. Williams has therefore not identified "exceptional circumstances" warranting appointment of counsel.

**IT IS ORDERED** that that Williams' motion[4] is **DENIED**.

New Orleans, Louisiana, March 15, 2023.

_____
  LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[3] It is not clear under what federal law Williams' allegations of human rights violations arise.
[4] R. Doc. No. 7.