UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JARRELL WILLIAMS**                                                                   **CIVIL ACTION**

**VERSUS**                                                                                          **No. 23-142**

**CLERK OF COURT ST. TAMMANY PARISH, ET AL.**            **SECTION I**

### ORDER & REASONS

Before the Court is *pro se* plaintiff Jarrell Williams' ("Williams") "appeal motion for attorney,"[1] which the Court construes as a motion for reconsideration of this Court's order[2] denying his motion for appointment of counsel. For the reasons below, the Court denies the motion.

As the Court noted in its previous order, Williams alleges that the defendants in this matter violated his First Amendment and human rights during a court hearing in Louisiana state court.[3] Williams filed a motion to appoint counsel.[4] The Court denied that motion, noting that there is no right to counsel in civil matters, and that Williams had not identified "exceptional circumstances" warranting appointing of counsel in this case.[5] *See Delaughter v. Woodall*, 909 F.3d 130, 141 (5th Cir. 2018).

---

[1] R. Doc. No. 9. Attached to the motion is a form, completed by Williams, requesting leave to proceed in the district court without prepaying fees or costs. Williams previously filed this form, R. Doc. No. 2, and was granted leave to proceed *in forma pauperis*, R. Doc. No. 3. Therefore, to the extent Williams' motion requests leave to proceed in this Court without prepaying fees or costs, the request is moot.
[2] R. Doc. No. 8.
[3] *Id.*
[4] R. Doc. No. 7.
[5] R. Doc. No. 8.

"Although the Fifth Circuit has noted that the Federal Rules do not recognize a motion for reconsideration *in haec verba*, it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b)." *United States v. Martin*, No. 17-179, 2022 WL 2986579, at *2 (E.D. La. July 28, 2022) (Brown, C.J.) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). "The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."[6] *Castrillo v. Am. Home Mortgage Servicing Inc.*, No. 09–4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).[7] Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

In his motion, Williams states that he has contacted various law firms and nonprofit legal organizations regarding his case, but that "[t]hese organization[s] are overwhelmed."[8] He further states that the "defendant(s), Judge, [and] prosecutor, are all apart [sic] of [the] ABA (The American Bar Association). Williams is the only one

---

[6] Rule 59(e) motions must be filed within 28 days of entry of the order to be amended. Williams filed the instant motion six days after entry of the Court's order denying his motion for appointment of counsel. *See* R. Doc. Nos 8, 9.

[7] Rule 54(b) states, in relevant part, that "any order or other decision . . .that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revised at any time before the entry of a judgment[.]" Rule 60(b) provides, in relevant part, that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" due to circumstances including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," or "any other reason that justifies relief."

[8] R. Doc. No. 9, at 1.

not part of ABA."[9] He also argues that "your laws are in INFLUENCE[D] by and base[d] on Christianity" and that "when [he] walk[s] through the halls of EASTERN DISTRICT OF LOUISIANA, [he] gaze[s] in astonishment" because "NO one on the wall looks like [him]."[10]

Williams has not identified a manifest error of law or fact, nor has he presented new evidence, and he has therefore not identified circumstances warranting reconsideration of the denial of his motion.[11] *Waltman,* 875 F.2d at 473. Moreover, none of the circumstances pointed to by Williams suggest that this case is unusually complex or that Williams is not capable of adequately presenting or investigating it. *See Delaughter*, 909 F.3d at 141 (setting out these factors as relevant to the decision of whether to appoint counsel in a civil case). Williams' motion for reconsideration will therefore be denied.

For the foregoing reasons,

**IT IS ORDERED** that that Williams' motion for reconsideration is **DENIED**.

New Orleans, Louisiana, March 22, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[9] *Id.*

[10] *Id.*

[11] Williams has likewise not identified any circumstances justifying relief pursuant to Rules 54(b) or 60(b).