UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARRELL WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-142** |
| **CLERK OF COURT OF ST. TAMMANY PARISH, ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by the Clerk of Court of St. Tammany Parish ("Clerk of Court").[1] *Pro se* plaintiff Jarrell Williams ("Williams") has filed no opposition to the motion, and the deadline for doing so has passed. For the reasons below, the Court grants the motion.

### I.  BACKGROUND

In this matter, Williams alleges that various defendants,[2] including the Clerk of Court, violated his First Amendment rights[3] during a child support hearing that took place in state court on December 22, 2022.[4] Specifically, Williams alleges that hearing officer Amanda Trosclair ("Trosclair") insisted that Williams "swear on the

---

[1] R. Doc. No. 15.
[2] Williams named the Clerk of Court, St. Tammany Parish Government, Amanda Trosclair, and the 22nd Judicial District Court as defendants in this matter. To date, only the Clerk of Court has made any appearance.
[3] Though not stated in the complaint, the Court understands Williams' claims to arise under 42 U.S.C. § 1983, which provides a remedy for individuals whose federal constitutional rights have been violated by a person acting under color of state law.
[4] R. Doc. Nos. 1 (complaint), 5 (amended complaint). Though Williams filed an amended complaint, the amended complaint does not contain any factual allegations. The allegations described above are therefore drawn from the original complaint.

1

[B]ible" despite Williams informing Trosclair that he was a Muslim and that swearing on the Bible would violate his religion.[5] He further alleges that his resistance to swearing on the Bible "made [ ] Trosclair furious" and that she therefore began "to manipulate the court by using her authority to[ ] raise [his] child[ ]support to [an] unprecedent[ed] amount."[6] He further alleges that Trosclair interrupted his conversation with his attorney, that "Deputy Schmidt" began giving him legal advice, that Williams asked Trosclair "to please tell Deputy Schmidt to back off," that Trosclair then "put [Williams] out of the courtroom," and that, as he exited the courtroom, it "bust [sic] out in laughter."[7]

Williams seeks damages for these alleged violations, in addition to an order directing "St. Tammany Parish to include people from a range of different social and ethnic backgrounds and of different genders, sexual orientations, etc" and requiring "public relation training."[8]

In the instant motion, the Clerk of Court argues that Williams' claims against it should be dismissed because Williams failed to allege any facts in support of his claim against it and because it is entitled to immunity against his claims.[9]

## II.  STANDARD OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be

---

[5] R. Doc. No. 1, at 3.
[6] *Id.*
[7] *Id.* at 3–4.
[8] *Id.* at 2, R. Doc. No. 5, at 2.
[9] R. Doc. No. 15-1, at 1.

2

granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations

3

and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

## III.   ANALYSIS

As the Clerk of Court points out, neither Williams' complaint nor his amended complaint mentions the Clerk of Court at all.[10] This alone justifies dismissal of Williams' claims against the Clerk of Court, as Williams has failed to "plead[ ] factual content that allows the court to draw the reasonable inference that the [Clerk of Court] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## IV.   CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that the Clerk of Court's motion to dismiss is **GRANTED** and Williams' claims against the Clerk of Court are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 28, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. No. 15-1, at 5.