UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JARRELL WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-142** |
| **CLERK OF COURT OF ST. TAMMANY PARISH, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants 22nd Judicial District Court ("22nd JDC") and Amanda Trosclair ("Trosclair").[1] *Pro se* plaintiff Jarrell Williams ("Williams") has filed no opposition to the motion, and the deadline for doing so has passed. For the reasons below, the Court grants the motion.

## I.   BACKGROUND

In this matter, Williams alleges that various defendants[2] violated his First Amendment rights[3] during a child support hearing that took place in state court on December 22, 2022.[4] Specifically, Williams alleges that Trosclair, the hearing officer

---

[1] R. Doc. No. 18.
[2] In addition to 22nd JDC and Trosclair, Williams named the Clerk of Court of St. Tammany Parish and St. Tammany Parish Government as defendants. The Court previously dismissed his claims against the Clerk of Court for failure to state a claim. R. Doc. No. 17. To date, St. Tammany Parish Government has not been served. R. Doc. No. 13.
[3] Though not stated in the complaint, the Court understands Williams' claims to arise under 42 U.S.C. § 1983, which provides a remedy for individuals whose federal constitutional rights have been violated by a person acting under color of state law.
[4] R. Doc. Nos. 1 (complaint), 5 (amended complaint). Though Williams filed an amended complaint, the amended complaint does not contain any factual allegations. The allegations described above are therefore drawn from the original complaint.

1

presiding over the hearing insisted that Williams "swear on the [B]ible" despite Williams informing Trosclair that he was a Muslim and that swearing on the Bible would violate his religion.[5] He further alleges that his resistance to swearing on the Bible "made [ ] Trosclair furious" and that she therefore began "to manipulate the court by using her authority to[ ] raise [his] child[ ]support to [an] unprecedent[ed] amount."[6] He further alleges that Trosclair interrupted his conversation with his attorney, that "Deputy Schmidt" began giving him legal advice, that Williams asked Trosclair "to please tell Deputy Schmidt to back off," that Trosclair then "put [Williams] out of the courtroom," and that, as he exited the courtroom, it "bust [sic] out in laughter."[7]

Williams seeks damages for these alleged violations, in addition to an order directing "St. Tammany Parish to include people from a range of different social and ethnic backgrounds and of different genders, sexual orientations, etc" and requiring "public relation training."[8]

In the instant motion, 22nd JDC argues Williams' claims against it should be dismissed because Williams failed to allege any facts supporting liability, and Trosclair argues that claims against her should be dismissed because she is shielded by judicial immunity.

---

[5] R. Doc. No. 1, at 3.
[6] *Id.*
[7] *Id.* at 3–4.
[8] *Id.* at 2, R. Doc. No. 5, at 2.

## II.  STANDARD OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

3

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

### III. ANALYSIS

#### a. 22nd JDC

William makes no particular allegations against 22nd JDC. Indeed, 22nd JDC is not even mentioned in his complaint or amended complaint, except for in the caption. In addition, it does not appear that 22nd JDC is an entity capable of being sued.[9]

#### b. Trosclair

Trosclair argues that she is shielded from Williams' claims by judicial immunity. "[J]udges are absolutely immune from monetary liability 'for all judicial acts that are not performed in the clear absence of jurisdiction, however erroneous the act and however evil the motive.'" *Cain v. City of New Orleans*, 184 F.Supp.3d 379, 388 (E.D. La. 2016) (Vance, J.) (quoting *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) (further citations omitted)). "[O]fficials that perform functions comparable to those of judges" are likewise entitled to absolute quasi-judicial immunity. *Id.* (quotations and citations omitted).

---

[9] *E.g., Griffith v. Louisiana*, 808 F. Supp. 2d 926, 934 (E.D. La. 2011) (Berrigan, J.) ("District courts within the Eastern District of Louisiana have consistently held that Louisiana state courts are not juridical persons capable of being sued.").

Judicial "immunity is overcome in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12.

As to the first exception, in order to determine whether a given action was taken in a judicial capacity, the following factors are considered:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citation omitted).

Williams' allegations relate to actions allegedly taken during a court hearing regarding Williams' child support obligations. The actions allegedly took place in the courtroom. The actions further relate to the child support hearing in that Trosclair allegedly "raise[d] [Williams'] child[ ]support to unprecedent[ed] amount[s]."[10] The alleged acts also "arose directly out of a visit to [Trosclair] in [her] official capacity." *Id.* Accordingly the alleged actions that form the basis of Williams' lawsuit were taken in a judicial capacity.

As to the second exception to judicial immunity, "[w]here a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Id.* at 517 (quotation and citation omitted). As noted, Williams'

---

[10] R. Doc. No. 1, at 3.

allegations indicate that the actions that form the basis of his lawsuit took place within family court, where Trosclair is a hearing officer. Accordingly, nothing in the complaint suggests that Trosclair's alleged actions were taken in the absence of jurisdiction.

Judicial immunity shields Trosclair even from allegations of bad faith or malice. *Mireles*, 502 U.S. at 11; *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant."). Because the alleged actions were taken in a judicial capacity and were not taken in the clear absence of jurisdiction, Trosclair is entitled to absolute immunity from monetary damages, and Williams' claims against her must be dismissed.

To the extent Williams seeks injunctive relief against Trosclair, that is also barred by absolute judicial immunity. *NAACP v. Reeves*, --- F. Supp. 3d ---, 2023 WL 3767059, at *9 (S.D. Miss. June 1, 2023) ("[I]n § 1983 actions, such as the case *sub judice*, [j]udicial [i]mmunity applies to complaints both seeking monetary damages and complaints seeking injunctive relief." (citing 42 U.S.C. § 1983)).[11]

---

[11] Williams' complaint specifically references the First Amendment as the basis for his claims. R. Doc. No. 1, at 1. However, to the extent that he intends to bring state law claims against Trosclair, those claims are likewise barred by judicial immunity. *See Knapper v. Connick*, 681 So.2d 944, 946 (La. 1996) ("Absolute immunity attaches to all acts within a judge's jurisdiction, even if those acts can be shown to have been performed with malice, in order to insure that all judges will be free to fulfill their responsibilities without the threat of civil prosecution by disgruntled litigants.").

## IV. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that the motion is **GRANTED** and Williams' claims against 22nd JDC and Trosclair are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 31, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**